IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT MARTIN, et al.,**

      **Plaintiffs,**

  v.                                    **Civil Action 2:16-cv-451**
                                          **Judge Michael H. Watson**
                                          **Magistrate Judge Jolson**

**BUREAU OF MEDICAL
SERVICES (BOMS), et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Robert Martin, a prisoner at the Marion Correctional Institution, submitted a complaint to this Court on May 16, 2016. (Doc. 1). At the time he filed his complaint, Plaintiff had neither paid the $400.00 filing fee nor submitted a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). On June 16, 2016, this Court issued an Order directing Plaintiff either to pay the filing fee or submit a proper motion for leave to proceed *in forma pauperis* within thirty days. (Doc. 6). The Order also advised Plaintiff that his failure to comply could result in the dismissal of this action for want of prosecution.

On July 13, 2016, Plaintiff moved to proceed *in forma pauperis*. (Doc. 8). Pursuant to 28 U.S.C. § 1915(a)(2), such a motion must include a copy of the prisoner's trust fund account statement "for the 6-month period immediately preceding the filing of the complaint." The statement must be certified by "the appropriate official of each prison at which the prisoner is or was confined." *Id.* Plaintiff's July 13, 2016, motion to proceed *in forma pauperis* did not contain a properly certified statement. (Doc. 8 at 5). Instead, it contained Plaintiff's *in forma pauperis* application, in which Plaintiff noted that he does not consent to the prison cashier

1

taking funds from his account to pay a partial filing fee in this case. (*See, e.g.*, Doc. 8 at 5, 7; Doc. 8-1 at 12).

Plaintiff has raised this argument in at least one prior case:

Mr. Martin now claims that he does not consent to the prison cashier taking funds from his account to pay even a partial filing fee in this case and asserts that Congress had no power to adopt those provisions of the PLRA which authorize such deductions from a prisoner's account. He apparently has not, and will not, submit the account statement which is mandated by § 1915(a)(2).

There are a number of problems with Mr. Martin's approach to this issue. First, the filing fee provision of the PLRA has consistently been upheld against constitutional attack. *See, e.g.*, *Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997) (holding that a balancing of the various factors involved in a Due Process analysis "compel[s] the conclusion that the Act does not violate a prisoner's right to procedural due process"); *see also Murray v. Dosal*, 150 F.3d 814 (8th Cir. 1998) (same). Consequently, there is simply no merit to Mr. Martin's assertion that the Court cannot constitutionally apply the PLRA to him or require him to submit his account statement if he wishes to proceed without paying the filing fee in full at the outset of the case.

*Martin v. Woods*, No. 2:12-CV-341, 2012 WL 2564812, at *1 (S.D. Ohio July 2, 2012), *report and recommendation adopted*, No. 2:12-CV-341, 2012 WL 4364264 (S.D. Ohio Sept. 24, 2012). In other words, Mr. Martin's argument does not do away with the indigency-application requirements.

Based upon the above, Plaintiff was given thirty days to file a proper application to proceed *in forma pauperis*, accompanied by a certified trust account statement, or pay the full filing fee. He failed to do either. According to the Sixth Circuit, a court facing such a circumstance "must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution." *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003).

It is therefore **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) be **DENIED** and that this case be **DISMISSED without prejudice under** 28 U.S.C. §

1915(a)(2) for want of prosecution. *See Davis*, 73 F. App'x at 805; *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997); *Burkowski v. Smith*, No. CV 15-11384, 2015 WL 6750781, at *2 (E.D. Mich. Nov. 5, 2015) ("The Court dismisses the complaint without prejudice for want of prosecution, because of Plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*."); *Labreck v. Mich. Dep't of Treasury*, No. 2:13-CV-15275, 2014 WL 688192, at *2 (E.D. Mich. Feb. 21, 2014) ("The Court will dismiss the complaint without prejudice for want of prosecution, because of Plaintiff's failure to comply with the deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*."); *Fields v. Cottrill*, No. 2:14-CV-483, 2014 WL 3530861, at *1 (S.D. Ohio July 15, 2014) (dismissal under the same circumstances).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: August 4, 2016                                                   /s/ Kimberly A. Jolson
                                                                                          KIMBERLY A. JOLSON
                                                                                          UNITED STATES MAGISTRATE JUDGE