UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Martin, *et al.*,

    Plaintiffs,

v.                                                      Case No. 2:16-cv-451

Gardner, *et al.*,                                      Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

This prisoner civil rights case was transferred to this district on May 20, 2016. ECF No. 3. On June 2, 2016, Robert Martin ("Plaintiff") filed an amended complaint. Am. Compl., ECF No. 4. On June 16, Magistrate Judge Jolson, to whom this case is assigned, ordered Plaintiff to file a civil cover sheet and either pay the $400 filing fee or file the required affidavit of indigency within thirty days. Order, ECF No. 6. The Order warned Plaintiff that a failure to obey could result in the immediate assessment of the full filing fee and the dismissal of the action for want of prosecution. *Id.* On July 13, 2016, Plaintiff filed a motion for leave to proceed *in forma pauperis*, Mot., ECF No. 8, but did not submit the required certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint.

On August 4, 2016, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending that Plaintiff's application for leave to

proceed *in forma pauperis* be denied and that his complaint be dismissed without prejudice for failure to prosecute. R&R, ECF No. 10.

Under Federal Rule of Civil Procedure 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations" in an R&R. Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the R&R, ECF No. 11, arguing that he filed an affidavit of indigency that was accepted by the Supreme Court of Ohio in an unrelated case. He argues that *res judicata* bars this Court from rejecting a similar affidavit of indigency in this case. Specifically, he contends that the issue of his indigency has already been adjudicated in his favor, and he should not have to re-litigate it in federal court.

Plaintiff's objection is overruled. First, the exhibit he attaches from the Supreme Court of Ohio does not show that his affidavit of indigency was accepted and that fees were waived. Ex. A, ECF No. 9-1. Exhibit A is merely a two sentence entry in a Supreme Court of Ohio case that dismisses, *sua sponte*, a habeas corpus petition Plaintiff had filed. It nowhere mentions fees or Plaintiff's application to proceed *in forma pauperis*.

More importantly, however, *res judicata* does not apply in this circumstance. For one, neither this Court nor the defendants in this case were parties to, or in privity with a party to, the prior proceeding.

Plaintiff next argues that the affidavit he submitted in this case is sufficient under *Walton v. Wheatly Co.*, No. 92—3379, 986 F.2d 1423 (6th Cir. 1993), because his affidavit complied with 28 U.S.C. § 1746. Plaintiff's argument misses the point. The R&R did not recommend dismissal because his affidavit was inadequate; it recommended dismissal because Plaintiff failed to file the required certified copy of his trust fund account. Section 1915 requires the certified copy of the trust fund account statement *in addition to* an adequate affidavit. 28 U.S.C. § 1915(a)(2).

Likewise, Plaintiff's argument that he meets the standard of indigency under the Ohio Administrative Code and thus is entitled to appointment of counsel is inapposite for many reasons, one of which is that the Ohio Administrate Code does not apply in these federal proceedings.

Plaintiff further argues that this case was referred to the magistrate judge in violation of 28 U.S.C. § 636(c)(1) and (c)(2) and Federal Rule of Civil Procedure 73 because he did not consent to disposition of this case by the magistrate judge. Plaintiff's objection is again overruled as this case was not referred to the magistrate judge under § 636(c) or Rule 73 but was rather referred under § 636(b) and Rule 72 for a recommendation only.

Plaintiff's continued argument that the requirement of a certified cashier statement is against the law is also meritless. The Court has reviewed the R&R on this matter and finds that it correctly sets forth the law. To the extent Plaintiff attempts to raise new arguments as to the legality of the requirement (that it violates the Financial Privacy Act and the E-Government Act of 2002), the Court will not consider those arguments as they are raised for the first time in an objection to the R&R. *Ward v. United States*, No. 98–1872, 208 F.3d 216, at *1 (6th Cir. 2000) ("a claim raised for the first time in objections to a magistrate judge's report is deemed waived.") (citation omitted).

Accordingly, Plaintiff's objections, ECF No. 11, are **OVERRULED**, the R&R, ECF No. 10, is **ADOPTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. The Clerk shall terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**